PEOPLE v ALBERT THOMPSON

Docket No. 46395. Submitted June 9, 1980, at Detroit.—Decided November 20, 1980.

Albert E. Thompson was convicted of larceny in a building in Detroit Recorder's Court, Samuel C. Gardner, J. Subsequently, the defendant was convicted, on his plea of guilty, of being an habitual offender. The defendant appeals, alleging that it was error for the trial court to allow the prosecutor to question him concerning his use of aliases, that the trial court's ruling that he could be impeached by proof of a prior conviction requires reversal, and that a witness's reference to the defendant's brother's suspected theft activity requires reversal. *Held:*

1. Since it is likely that an assumed name is being used for entirely innocent reasons, evidence of the use of an alias is not especially probative of a person's credibility. A defendant could be highly prejudiced by the jury's learning that he has used aliases. Evidence concerning a witness's use of an alias is not inadmissible in all instances, however. It is not the use of the alias in and of itself that casts doubt on the witness's truthfulness. Instead, what detracts from such a witness's veracity is the specific ignoble purpose for which the alias was employed. Even where questions might permissibly be asked concerning the use of an alias, the trial court has an obligation to balance the probative value of the questions on credibility against the potential danger of unfair prejudice. Here, reversal of the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence § 623.
  81 Am Jur 2d, Witnesses § 529.
[3] 81 Am Jur 2d, Witnesses §§ 474-476, 529.
[4] 29 Am Jur 2d, Evidence § 344 *et seq.*
  81 Am Jur 2d, Witnesses §§ 474-476.
[5] 29 Am Jur 2d, Evidence § 249 *et seq.*
[6, 10] 29 Am Jur 2d, Evidence § 251.
[7] 29 Am Jur 2d, Evidence § 320 *et seq.*
[8] 5 Am Jur 2d, Appeal and Error § 553.
  75 Am Jur 2d, Trial § 577.
[9] 75 Am Jur 2d, Trial § 867 *et seq.*
  81 Am Jur 2d, Witnesses § 656 *et seq.*

defendant's conviction is not warranted since the questions concerning the defendant's use of assumed names were few and not highly inflammatory. The evidence of the defendant's guilt was overwhelming. The error was harmless.

2. Admissibility of evidence decisions vis-à-vis the use of prior convictions are within the trial judge's discretion. Here, the judge was well aware of the appropriate standards in ruling on the admissibility of evidence of prior convictions of the defendant. The defendant had numerous prior convictions, all for theft offenses which involved elements of dishonesty. The trial judge's decision to allow the prosecutor to choose evidence of one conviction to be admitted was not fatal since the similarity of all the prior convictions made them equal in terms of potential prejudicial effect. The admission of evidence of one conviction for impeachment purposes was not error.

3. Absent a showing of manifest injustice, no reversal is warranted where the defendant failed to object or request a curative instruction regarding a witness's statement that the defendant's brother was a suspected thief. Here, the answer was not so inherently prejudicial as to require reversal.

Affirmed.

BASHARA, P.J., concurred in the result but would hold that a defendant's credibility can be impeached by introducing evidence of his use of aliases where the introduction of the defendant's use of aliases into evidence is not highly inflammatory or prejudicial to the defendant because a witness's use of an alias is highly probative of the witness's credibility.

OPINION OF THE COURT

1. EVIDENCE — ASSUMED NAMES — CREDIBILITY.

Assumed names are likely to be used for entirely innocent reasons and, therefore, should not be deemed especially probative of a person's credibility.

2. CRIMINAL LAW — ALIASES — PREJUDICE.

A criminal defendant may be highly prejudiced by the jury's learning that he has used aliases.

3. CRIMINAL LAW — EVIDENCE — CROSS-EXAMINATION — ALIASES.

Cross-examination as to the use of an alias permits a jury to speculate that a defendant may have been involved in some nefarious activity, unspecified as to time, nature and circumstances, and since evidence of other specific acts is admissible only under limited circumstances, evidence that would permit

an inference of nonspecific misconduct should be at least equally circumscribed.

4. CRIMINAL LAW — EVIDENCE — ALIASES — ADMISSIBILITY OF EVIDENCE — PROSECUTORS.

Evidence of a witness's prior use of an alias is not inadmissible in all instances; it is not the use of the alias in and of itself that casts doubt on a witness's truthfulness, but instead, the specific ignoble purpose for which the alias was employed that detracts from such a witness's veracity and if a prosecutor knows only that on some occasion the witness has used an alias, he may not permissibly question the witness about the assumed name.

5. COURTS — CRIMINAL LAW — EVIDENCE — ALIASES — CREDIBILITY — PREJUDICE.

The trial court has an obligation to balance the probative value of the questions on credibility against the potential danger for unfair prejudice in those instances where questions might permissibly be asked concerning the use of an alias (MRE 403).

6. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — ADMISSIBILITY OF EVIDENCE.

Decisions regarding the admissibility of evidence vis-à-vis the use of prior convictions are within the trial judge's discretion.

7. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — ADMISSIBILITY OF EVIDENCE.

The factors which the trial judge must weigh in determining whether to admit evidence of a defendant's prior convictions are 1) the nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?), 2) whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the danger that the jury will consider the defendant a "bad man" or infer that because he was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?), and 3) the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, *i.e.,* can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?).

8. WITNESSES — CRIMINAL LAW — REVERSAL OF CONVICTION — MANIFEST INJUSTICE.

Absent a showing of manifest injustice, no reversal is warranted

where a defendant fails to object or request a curative instruc-
tion regarding a witness's statement.

CONCURRENCE BY BASHARA, P.J.

9. WITNESSES — CRIMINAL LAW — ALIASES — DEFENDANT'S CREDIBIL-
ITY — IMPEACHMENT.
   A defendant's credibility can be impeached by introducing evi-
   dence of his use of aliases where the introduction of the
   defendant's use of aliases into evidence is not highly inflamma-
   tory or prejudicial to the defendant.

10. WITNESSES — CRIMINAL LAW — ALIASES — CREDIBILITY.
    A witness's use of an alias is highly probative of the witness's
    credibility.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *Dianne Odrobina,*
Assistant Prosecuting Attorney, for the people.

*Sheila H. Hughes,* for defendant on appeal.

Before: BASHARA, P.J., and D. C. RILEY and E. A.
QUINNELL,* JJ.

E. A. QUINNELL, J. Defendant was found guilty
of larceny in a building following a jury trial on
April 12, 1979. MCL 750.360; MSA 28.592. On
April 26, 1979, he was sentenced to a term of
imprisonment of two years, eight months to four
years. Thereafter, on May 15, 1979, defendant pled
guilty to being a fourth-time felony offender con-
trary to MCL 769.12; MSA 28.1084. At that time, a
flat sentence of five years was imposed to replace
the earlier indeterminate sentence. Defendant now
appeals as of right.

Defendant first submits that it was error for the
trial court to allow the prosecutor, over objection,

* Circuit judge, sitting on the Court of Appeals by assignment.

to question him concerning his use of aliases. One panel of this Court has characterized the use of an alias as "highly probative" of a witness's credibility. *People v Dietrich,* 87 Mich App 116, 138-139; 274 NW2d 472 (1978). See also *People v Pace,* 98 Mich App 714; 296 NW2d 345 (1980). We disagree. The utilization of assumed names is very common among certain cultures in American society. While there are undoubtedly instances where aliases are used to deceive, it is also likely that an assumed name is being used for entirely innocent reasons and therefore should not be deemed especially probative of a person's credibility. Furthermore, a defendant may be highly prejudiced by the jury's learning that he has used aliases. This could be a particular problem in cases where the defendant and the jurors come from different cultures. If the utilization of assumed names is unknown among the jurors' backgrounds, they may place undue emphasis on defendant's employment of an alias.

The unstated inference which a juror might draw from the use of an alias is that defendant was "up to no good" or he would not have chosen to use a second name. Cross-examination as to the use of an alias permits a jury to speculate that a defendant may have been involved in some nefarious activity, unspecified as to time, nature and circumstances. Evidence of other *specific* acts are admissible only under limited circumstances, MRE 404(b), *People v Spillman,* 399 Mich 313; 249 NW2d 73 (1976). Evidence that would permit an inference of *nonspecific* misconduct should be at least equally circumscribed.

This does not mean that we would disapprove evidence about a witness's use of an alias in all instances. Such evidence may be admissible under MRE 404(b) as part of the prosecutor's case in

chief in a false pretenses case, for example. Alias evidence might also be admissible under MRE 608 and MRE 609 to affect credibility. It is not the use of the alias in and of itself, however, that casts doubt on the witness's truthfulness. Instead, what detracts from such a witness's veracity is the specific ignoble purpose for which the alias was employed. If the prosecutor knows only that on some past occasion the witness has used an alias, he may not permissibly question him about the assumed name.

Even in those instances where questions might permissibly be asked concerning the use of an alias, the trial court still has an obligation to balance the probative value of the questions on credibility against the potential danger for unfair prejudice. MRE 403.

Despite the foregoing, no reversal is required in this case. The questions concerning defendant's use of assumed names were few and not highly inflammatory. The prosecutor did not refer to defendant's use of aliases in his closing argument. Most importantly, two eyewitnesses testified that they saw defendant put the items, 4 musk oil gift sets and 18 musk oil colognes, into a bag and leave the store without paying for them. It was uncontroverted that defendant fled after being approached by store security guards. The evidence of defendant's guilt was overwhelming. The error was harmless.

Defendant next asserts that the trial court's ruling that he could be impeached by proof of a prior conviction requires reversal. Admissibility decisions vis-à-vis the use of prior convictions are within the trial judge's discretion. *People v Jackson,* 391 Mich 323, 336; 217 NW2d 22 (1974). In *People v Crawford,* 83 Mich App 35, 39; 268 NW2d

275 (1978), we held that the following standard should be applied in determining whether to admit prior convictions:[1]

"The factors which the judge must weigh in making his determination include: (1) the nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?), (2) whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the danger that the jury will consider the defendant a 'bad man' or infer that because he was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?), and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, *i.e.*, can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?)."

Although the *Crawford* factors were not explicitly noted by the trial judge, lengthy argument with counsel prior to his ruling convinces us that he was well aware of the appropriate standards. See *People v Joyner,* 93 Mich App 554, 560-561;

[1] By Supreme Court Administrative orders 417 and 419, adopted May 9, 1980, the Court amended MRE 609. MRE 609(a)(2) now provides that before allowing impeachment by evidence of a prior conviction the court must determine "that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect and articulates on the record the factors considered in making the determination". The amended rule is in accord with the spirit of *Crawford* and impliedly disapproves those cases in which this Court has held that absent an affirmative misapplication of the relevant factors on the record, admission of prior convictions evidence is proper. *Inter alia: People v Pleasant,* 69 Mich App 322; 244 NW2d 464 (1976), *People v Strickland,* 78 Mich App 40; 259 NW2d 232 (1977), *People v Makidon,* 84 Mich App 287; 269 NW2d 568 (1978), *People v Roberson,* 90 Mich App 196; 282 NW2d 280 (1979). In effect, these cases presumed regularity in the admission of prior conviction evidence since they did not require the trial court to explain for the record what factors it considered in allowing impeachment by prior conviction.

287 NW2d 286 (1979). In any case, our review of the arguments made on the motion *in limine* to suppress defendant's record convinces us that the prior conviction for larceny over $100 was properly admitted. Defendant had numerous prior convictions. All of these convictions were for theft offenses and, as such, involved elements of dishonesty. The trial court allowed the prosecutor to use evidence of only one of these convictions for impeachment purposes.[2] While the trial court allowed the prosecutor to choose which conviction to use, this is not fatal in the case at bar since the similarity of the prior convictions made them all equal in terms of potential prejudicial effect. No alternative means of impeachment was suggested, and an examination of the record reveals no less prejudicial manner in which defendant might have been impeached. At no time did defendant indicate that his decision to testify depended on the court's ruling on the suppression motion and, in fact, defendant did testify. Use of evidence of the one conviction for impeachment purposes was not error.

Defendant lastly argues that a reference to his brother's suspected theft activity requires reversal.[3] No objection or request for a curative instruction was made following the witness's statement

---

[2] Defense counsel actually argued more strenuously for a partial exclusion of defendant's record than a total exclusion. She quoted from one case which suggested, as a solution to the extensive criminal record problem, allowing the admission of a single conviction.

[3] In response to the prosecutor's question, "What did you see, sir?" the witness answered:

"I observed two black sus—males enter the store. And one of them I had seen before inside our store, stealing. So I continued to watch them. And they had gone to a display of cologne. And they had been talking, I couldn't hear what they were saying. One pointed out this cologne display. And at that time I observed his friend take out a plastic bag from Sibley's, from underneath his coat and start picking up various bottles of cologne and filling the bag."

that he suspected defendant's brother of being a thief. Consequently, absent a showing of manifest injustice, no reversal is warranted on this basis. In our opinion, the witness's unanticipated and unresponsive answer was not so inherently prejudicial as to require reversal. *People v Harry Fleish,* 321 Mich 443, 463; 32 NW2d 700 (1948), *People v Phillips,* 61 Mich App 138, 149-151; 232 NW2d 333 (1975).

Affirmed.

D. C. RILEY, J., concurred.

BASHARA, P.J. *(concurring).* I concur in the result reached by the majority. I am in agreement with the majority's analyses of all issues raised, except that concerning the use of an alias.

I prefer the reasoning of *People v Dietrich,* 87 Mich App 116, 138-139; 274 NW2d 472 (1978), and decline to follow the reasoning of the majority on this issue.