PEOPLE v BOWENS

Docket No. 57685. Submitted May 13, 1982, at Detroit.—Decided June 30, 1982.

Cochise Lee Bowens was convicted of larceny in a building, Wayne Circuit Court, Harry J. Dingeman, Jr., J. Defendant appealed, alleging error in the trial court's allowing the prosecutor to ask him if he had used aliases and in considering a disputed portion of the presentence report. *Held:*

1. A defendant's credibility can be impeached by introducing evidence of his use of aliases where the introduction of the defendant's use of aliases into evidence is not highly inflammatory or prejudicial to the defendant and his use of an alias is highly probative of his credibility.

2. The record herein reveals that the trial judge was aware of the dispute as to the presentence report and gave reasons for the sentence imposed. The disputed portion of the report was not mentioned. The facts do not require remand for resentencing.

Affirmed.

1. CRIMINAL LAW — IMPEACHMENT — USE OF AN ALIAS — CREDIBILITY.

A defendant's credibility can be impeached by introducing evidence of his use of aliases where the introduction of the defendant's use of aliases into evidence is not highly inflammatory or prejudicial to the defendant and his use of an alias is highly probative of his credibility.

2. CRIMINAL LAW — APPEAL — SENTENCING — PRESENTENCE REPORTS.

Any error incurred because of the failure of a trial court to respond to an alleged inaccuracy in a presentence report which, if not resolved, would not have a bearing on the sentence

REFERENCES FOR POINTS IN HEADNOTES
[1] 81 Am Jur 2d, Witnesses § 523.
[2] 5 Am Jur 2d, Appeal and Error § 976.
  21 Am Jur 2d, Criminal Law §§ 527, 580.
  Defendant's right to disclosure of presentence reports. 40 ALR3d 681.

imposed on a defendant is harmless and does not require remand for resentencing.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Chari Grove,* Assistant State Appellate Defender, for defendant on appeal.

Before: BEASLEY, P.J., and D. E. HOLBROOK, JR., and D. C. RILEY, JJ.

PER CURIAM. Defendant was convicted by a jury of larceny in a building. MCL 750.360; MSA 28.592. Thereafter sentenced to a prison term of two to four years defendant appeals as of right.

Defendant first claims that the trial court erred in allowing the prosecutor to impeach defendant by asking him if he had used aliases. On cross-examination defendant was asked if he ever used the name John Edward Kinchen. Defendant answered yes. Defendant was asked if he had used the name Joseph I. Mizia. Defendant answered yes. Defendant denied ever using the name Robert Kinch.

In *People v Dietrich,* 87 Mich App 116; 274 NW2d 472 (1978), *rev'd in part* 412 Mich 904 (1982), defendant was asked if he had ever used an alias. The Court noted that impeachment by aliases had been allowed in numerous other jurisdictions. The Court stated:

"We think that the witness's use of an alias is highly probative of the witness's credibility. In this case, the introduction into evidence of defendant's use of aliases was not highly inflammatory or prejudicial to the defen-

dant, compare *People v Fleming,* 166 Cal 357; 136 P 291 (1913). The trial judge did not err in allowing this testimony into evidence for impeachment purposes." *Dietrich, supra,* 139.

In *People v Pace,* 98 Mich App 714; 296 NW2d 345 (1980), on cross-examination, the defendant's brother was asked if he had ever used an alias. The Court cited *Dietrich, supra,* and stated:

"Where, as here, the inquiries are not emphasized in an attempt to discredit a witness through innuendo, especially when the witness was the defendant's brother, they do not constitute error." *Pace, supra,* 718. *Cf. People v Cuellar,* 107 Mich App 491; 310 NW2d 12 (1981).

Impeachment by questions concerning the use of an alias was disapproved of in *People v Albert Thompson,* 101 Mich App 609; 300 NW2d 645 (1980). A majority therein stated that such impeachment could be highly prejudicial. The Court noted that aliases are often used for innocent purposes and, therefore, not particularly probative of credibility. Hence, impeachment by asking about aliases could permit "a jury to speculate that a defendant may have been involved in some nefarious activity, unspecified as to time, nature and circumstances". *Albert Thompson, supra,* 613.

Yet, in *Albert Thompson,* the Court found the error to be harmless. The Court noted that the prosecutor's questions were few and not inflammatory. The answers to the prosecutor's questions were not mentioned in closing argument.

"Most importantly, two eyewitnesses testified that they saw defendant put the items, 4 musk oil gift sets and 18 musk oil colognes, into a bag and leave the store without paying for them. It was uncontroverted that

defendant fled after being approached by store security guards. The evidence of defendant's guilt was overwhelming." *Albert Thompson, supra,* 614.

In the case at bar, as in *Dietrich, supra,* and *Pace, supra,* the prosecutor's questions were not only proper, but highly probative. Defendant's claim is, therefore, without merit. Even under *Albert Thompson, supra,* any error in the prosecutor's questions was harmless. As in *Albert Thompson,* the questions concerning defendant's aliases were few and not inflammatory. An eyewitness testified that she watched defendant put two suits in a bag he was carrying. The prosecutor did not mention defendant's assumed names in his closing arguments. If error exists, it is harmless.

Defendant next claims that the trial court erred by considering a disputed portion of a presentence report when imposing sentence. The presentence report is regarded as "an effective method of supplying information essential to an informed sentencing decision". *People v Lee,* 391 Mich 618, 635; 218 NW2d 655 (1974). The ends of justice require that the sentence be based on accurate information. *People v Malkowski,* 385 Mich 244; 188 NW2d 559 (1971). The sentencing judge must resolve challenges to the accuracy of a presentence report. *People v Lee, supra; People v Pulley,* 411 Mich 523; 309 NW2d 170 (1981). Although not required to do so, the sentencing judge may hold an evidentiary hearing or decide that the disputed material is not relevant to his decision. *People v McIntosh,* 62 Mich App 422; 234 NW2d 157 (1975), *rev'd on other grounds* 400 Mich 1; 252 NW2d 779 (1977). At sentencing, the trial court may accept the unsworn statements of the defendant. *McIntosh, supra.*

In the case at bar, defendant's attorney stated:

"*[Mr. Schaefer]:* I have had an opportunity to review it and go over it with Mr. Bowens. The only thing we would like to point out to this court is that on page 5 of that report there is a reference to his reporting record during 1973, that his reporting record was poor. The defendant denies that. He said that his record was not poor.

"*[The Court]:* Very well."

The record herein reveals that the trial judge was aware of the dispute and gave reasons for the sentence imposed. The disputed portion of the report was not mentioned. Nevertheless, defendant argues that because the sentencing judge did not expressly state on the record whether the disputed portion of the report was a factor in the sentence imposed we must remand for resentencing.

While there is some support for defendant's argument, in *People v Krist,* 107 Mich App 701; 309 NW2d 708 (1981), where defendant objected to portions of a presentence report as not being entirely accurate and where the sentencing judge did not expressly state that he would except the objected-to portion of the report, this Court refused to remand for resentencing saying:

"To hold otherwise would require that any trivial clarification or correction made on a presentence report would mandate elaborate verbal descriptions of obvious mental processes even though the record indicates unanimous implied consent to the correction. This elevates form over substance and creates an unnecessary burden to an already overformalized record-making procedure. To express the proposition is enough to expose its absurdity." *Krist, supra,* 706.

In the case at bar, the sentencing judge indicated the information that he considered on the record. Nothing suggests that the court considered

the report's statement that defendant failed to regularly report to the probation department eight years prior. Under these circumstances, we conclude that remand for resentencing is unnecessary.

Affirmed.