PEOPLE v POINTER

Docket No. 64798. Submitted August 3, 1983, at Grand Rapids.—
    Decided February 22, 1984.

   Robert L. Pointer was convicted of two counts of first-degree
   criminal sexual conduct, one count of armed robbery, and one
   count of possession of a firearm during the commission of a
   felony by a jury in Detroit Recorder's Court and was sentenced,
   Warfield Moore, Jr., J. Defendant appeals. *Held:*

       1. The trial court did not err in denying defendant's motion
   to suppress the complainant's identification testimony.

       2. The trial court did not err in admitting testimony concern-
   ing defendant's arrest for another crime. The probative value of
   the evidence was not substantially outweighed by the danger of
   unfair prejudice. Defendant's objection to a subsequent reference
   to the arrest was sustained by the trial court, and a prompt
   curative instruction was given. On the record, the Court of
   Appeals cannot say the curative instruction was ineffective.

       3. The trial court did not err in permitting testimony con-
   cerning defendant's use of an alias. Testimony concerning
   defendant's use of various names was necessary to show that
   defendant was the person to whom testimony pertained.

       4. Defendant's contention that certain comments by the trial
   judge denied him a fair trial is rejected.

       Affirmed.

1. CRIMINAL LAW — EVIDENCE — ALIASES.

   A trial court did not err in permitting testimony concerning a
   defendant's use of an alias where the defendant was known to
   the prosecution's identification witnesses under various names
   and testimony concerning the defendant's use of those names
   was necessary to show that the defendant was the person to
   whom the testimony pertained.

2. JUDGES — JUDICIAL COMMENT.

   A judge in a case tried before a jury must take care that his

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 367, 623.
[2] 75 Am Jur 2d, Trial § 91 *et seq.*

questions or comments do not indicate partiality; a new trial will be ordered where such comments quite possibly could have influenced the jury to the detriment of the defendant's case.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Jeffrey B. Friedland,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and SHEPHERD and E. A. QUINNELL,* JJ.

PER CURIAM. After a jury trial, defendant was convicted of two counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), a count of armed robbery, MCL 750.529; MSA 28.797, and a count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to imprisonment for two years, followed by imprisonment for three concurrent terms of 10 to 20 years, and he appeals as of right.

I

Defendant first argues that the trial court erred by denying his motion to suppress the complainant's identification testimony. A corporeal line-up was conducted, at which the complainant did not identify anyone as the perpetrator. Defendant was represented by counsel at the line-up and concedes that nothing improper occurred there. Testimony at the pretrial evidentiary hearing showed that the complainant later approached the police and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

positively identified defendant as the perpetrator by his position at the corporeal line-up. This positive identification shows that the complainant's identification testimony could not have been tainted by any irregularity at a subsequent photographic showup.

## II

Defendant also argues that the trial court erred by admitting testimony concerning defendant's arrest for another crime. Testimony indicated that a blue Monte Carlo automobile was taken from the victim. The automobile was later found in the possession of Dane Jones. Jones explained his possession of the automobile and connected it with defendant by testifying that he met defendant while defendant was driving the automobile, that he was arrested with defendant and several others at a party for "suspicion", and that the police mistakenly gave him the keys to the automobile when he was released at the police station.

The testimony of Jones provided substantial evidence that defendant was arrested under the circumstances explained in the testimony. The arrest presented special circumstances tending to show defendant's identity as the perpetrator of the crime because the arrest showed how stolen property passed from defendant's hands into the hands of the person eventually found in possession. The materiality of identity was shown by the closing argument of defendant's counsel, which was devoted exclusively to the identity issue and in which it was suggested that Jones, not defendant, was the perpetrator. Because the arrest was for mere "suspicion", and because evidence of the arrest was necessary to show that defendant, not Jones, was the perpetrator, the probative value of

the evidence was not substantially outweighed by the danger of unfair prejudice. The four-part test stated in *People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978), and indorsed in *People v Golochowicz,* 413 Mich 298, 309; 319 NW2d 518 (1982), for admission of evidence of prior bad acts pursuant to MRE 404(b) was therefore satisfied here.

Defendant's objection to a subsequent reference to the arrest was sustained by the trial court, and a prompt curative instruction was given. On this record, we cannot say that the curative instruction was ineffective.

## III

Defendant also argues that the trial court erred by permitting testimony concerning defendant's use of an alias. This is not a case in which evidence of defendant's use of an alias was admitted to impeach his credibility, an issue on which there is a split of authority on this Court. Compare *People v Dietrich,* 87 Mich App 116, 138-139; 274 NW2d 472 (1978), with *People v Albert Thompson,* 101 Mich App 609, 613; 300 NW2d 645 (1980). Here, because defendant was known to the prosecution's identification witnesses under various names, testimony concerning defendant's use of those names was necessary to show that defendant was the person to whom the testimony pertained.

## IV

Defendant also argues that certain comments by the trial judge denied him a fair trial. When a case is tried before a jury, the judge must take care that his questions or comments do not indicate partiality. *People v Jackson,* 98 Mich App 735, 740; 296 NW2d 348 (1980). A new trial will be

ordered where such comments quite possibly could have influenced the jury to the detriment of defendant's case. *People v Smith,* 64 Mich App 263, 267; 235 NW2d 754 (1975). Several of the comments of which defendant complains were made at a pretrial hearing and therefore could not have influenced the jury. A comment during the selection of the jury to the effect that defendant was the man whom the complainant alleged had committed the assault, was both accurate and innocuous. The other comments of which defendant complains are rulings on evidentiary objections in the presence of the jury; we cannot see how the particular comments made could be said to present an appearance of partiality.

Affirmed.