# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTWAN LABRON CHASE,

        Defendant-Appellant.

UNPUBLISHED
November 17, 2015

No. 322427
Wayne Circuit Court
LC No. 11-010041-FC

Before: JANSEN, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of first-degree murder, MCL 750.316, second-degree murder, MCL 750.317, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to life in prison without parole for the first-degree murder conviction, 30 to 50 years' imprisonment for the second-degree murder conviction, and two years' imprisonment for the felony-firearm conviction. We affirm.

Defendant argues that he is entitled to a new trial because he was deprived of his constitutional right to the effective assistance of counsel. We disagree.

Defendant failed to properly preserve the issue of ineffective assistance of counsel by filing a motion for a new trial or a *Ginther*[1] hearing in the trial court. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). This Court's review of unpreserved ineffective assistance of counsel claims is limited to mistakes apparent on the record. *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). Further, a defendant has effectively waived the issue if the record does not support the defendant's assignments of error. *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000). Whether a person has been denied effective assistance of counsel is a mixed question of law and fact. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). "The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo." *Id*.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

"Effective assistance of counsel is presumed, and a defendant bears a heavy burden to prove otherwise." *People v Swain*, 288 Mich App 609, 643; 794 NW2d 92 (2010). This Court will not second-guess trial counsel's strategic decisions, *People v Henry*, 239 Mich App 140, 149; 607 NW2d 767 (1999), and a defendant must overcome the strong presumption that his counsel's conduct represented sound trial strategy, *People v Douglas*, 496 Mich 557, 585; 852 NW2d 587 (2014). For a new trial based on ineffective assistance of counsel, a defendant must show "(1) that defense counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that defense counsel's deficient performance so prejudiced the defendant that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v Fonville*, 291 Mich App 363, 382; 804 NW2d 878 (2011), citing *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

Defendant first argues that his trial counsel's failure to call a weapons expert to "properly" rebut the prosecutor's calculations regarding the number of shots fired by defendant on the night of the incident in question constituted ineffective assistance. Specifically, the prosecutor's argument highlighted defendant's own statements during cross-examination that he had fired only five shots in self-defense, that the handgun he used held only 11 bullets, and that he had never reloaded. The prosecutor then compared these claims with physical evidence that nine bullets were recovered from defendant's handgun after the shooting. Defendant argues that trial counsel should have known that the difference between the number of shots fired and the number of bullets in defendant's gun would become a central issue related to defendant's self-defense theory, and should reasonably have called a weapons expert to testify with regard to the nature of guns, bullets, and magazines.

This argument fails at the outset because defendant has not made an offer of proof regarding the specific testimony a weapons expert could have offered and how that testimony supported his self-defense theory. Defendant cannot establish his claim of ineffective assistance of counsel by merely speculating that an expert *could* have testified favorably. See *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). Here, defendant does not even speculate with regard to how a firearm expert's testimony would be favorable to his defense and fails to address the fact that a weapons expert would likely provide only cumulative information. Defendant testified that he was familiar with handguns and had been trained in the proper use of firearms by the Michigan State Police. He also testified, based on direct knowledge, that *his* handgun, the one he admitted to using, held 11 bullets—10 in the magazine and one in the chamber. Even without a weapons expert, the jury was provided with all relevant information regarding the actual weapon used during the shootings from its owner and user. Without even speculative evidence that additional information provided by a weapons expert would have aided his defense, defendant has failed to establish the necessary factual predicate for his claim of ineffective assistance of counsel. See *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Additionally, defendant has failed to overcome the presumption that decisions regarding what evidence to present and whether to call or question witnesses, including expert witnesses, are matters of trial strategy. See *Davis*, 250 Mich App at 368. Because the issue is unpreserved, the Court's determination of whether defendant has met the heavy burden required to overcome that presumption must be supported by facts apparent on the record. See *id*. Here, the record

provides no proof that trial counsel failed to explore the potential of expert testimony, as opposed to making the objectively reasonable strategic decision not to present it. Therefore, defendant has failed to overcome the presumption that his counsel employed effective trial strategy. *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003).

Finally, defendant has failed to establish the necessary prejudice because he cannot show that expert testimony regarding guns, bullets, and magazines would have affected the outcome of his trial. Defendant's ineffective assistance claim is predicated on the assumption that the number of shots fired on the night of the incident was crucial to defendant's self-defense theory. Despite defendant's assertion on appeal, the prosecutor did not argue that defendant's act of reloading would negate his self-defense theory. It is clear from the record that the purpose of the prosecutor's "murder math" argument was simply to call defendant's credibility into question. Indeed, the bulk of the prosecutor's closing argument focused on the testimony of three eyewitnesses, all of whom saw defendant leaving the scene and returning to open fire on his victims. The prosecutor argued that, *regardless of how many shots were fired and by whom*, defendant's claim that he was acting in self-defense failed because, according to eyewitness testimony, defendant had been the initial aggressor.

The viability of defendant's self-defense theory rested not, therefore, on how many shots defendant fired, but on the jurors' determination of whether defendant was telling the truth about being shot first. The jury does not require an expert to aid in its assessment of witness credibility, and a weapons expert could not take defendant's own conflicting statements and make them consistent. The jury heard defendant testify that he fired four shots inside the house and one inside his truck, that his gun held 11 total shots, and that he never reloaded his weapon. No expert testimony could counter the fact that 11 minus 5 equals 6, or refute the physical evidence that more than six bullets were found inside defendant's gun. Conflicts in the evidence are resolved by the jurors, who remain "free to believe or disbelieve, in whole or in part, any of the evidence presented." *People v Perry*, 460 Mich 55, 63; 594 NW2d 477 (1999).

Defendant also argues that trial counsel was ineffective for failing to present expert medical testimony regarding defendant's mental state after being shot. Again, defendant has failed to offer proofs in the form of prospective testimony to overcome the strong presumption that trial counsel's decisions were not sound trial strategy. See *Ackerman*, 257 Mich App at 455. Defendant claims that a medical expert *could* have testified that "victims of shootings and other traumatic events who suffer much blood loss cannot recreate what happened during the events with clarity." But again, defendant fails to provide even a speculative argument with regard to how that testimony would have aided his defense, therefore failing to establish a factual predicate for his ineffective assistance claim. See *Carbin*, 463 Mich at 600. Additionally, defendant has offered no proof that trial counsel failed to explore the potential of medical expert testimony and simply made the strategic decision not to present it. Absent evidence regarding the extent of counsel's pretrial investigation, defendant cannot overcome the strong presumption that trial counsel's decision regarding expert testimony was a matter of trial strategy not to be second guessed by this Court. See *Ackerman*, 257 Mich App at 455.

Next, defendant argues that his trial counsel provided constitutionally deficient assistance when he "allowed the prosecutor to harass [defendant] in such a way that the jury did not fully appreciate the true situation," which "was exceptionally dangerous and frightening." Defendant

has not indicated which of the prosecutor's questions was improper or designed to harass him. Indeed, apart from the one sentence argument quoted above, defendant has not provided a single record cite or any authority for this argument.

Without an offer of proof, defendant cannot overcome the strong presumption that trial counsel's decisions regarding when to object to the prosecutor's questions were strategic. See *Douglas*, 496 Mich at 585. Nor can he claim that he suffered prejudice despite the trial court's explicit instruction to the jury that the prosecutor's questions themselves were not evidence. See *People v Messenger*, 221 Mich App 171, 180; 561 NW2d 463 (1997) (holding that reversal was not required since the prosecutor's improper questioning was curable by a limiting instruction). " 'An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment [of an issue] with little or no citation of supporting authority.' " *People v Watson*, 245 Mich App 572, 587; 629 NW2d 411 (2001) (citation omitted). Defendant has abandoned this claim by failing to make a meaningful argument in support of his position. See *id*.

Additionally, we note that defendant was read his rights and expressed his acknowledgement after the trial judge specifically reminded him, "[I]f you choose to take the stand, . . . you will be subject to cross-examination by the [p]rosecutor, in front of the jury." Defendant was properly informed of his right not to testify, and cannot now argue that he was prejudiced by his own informed and voluntary decision.

Finally, defendant argues that trial counsel's failure to understand MRE 404(b) and MRE 405, which require the use of opinion evidence over specific acts to establish a victim's propensity for violence, constituted ineffective assistance. Specifically, defendant argues that trial counsel's decision to seek admission of evidence regarding specific acts of violence perpetrated by the victims, rather than calling individuals to testify with regard to the victims' reputation for violence, fell below an objective standard of reasonableness.

First, it should be noted that defendant has failed to establish that trial counsel did not understand the rules of evidence. Contrary to defendant's assertion, the fact that trial counsel filed a motion seeking permission to present testimony regarding the victims' prior violent crime convictions does not establish a misunderstanding of the rules. While the trial judge ruled that the victims' convictions were inadmissible as specific instances of conduct, defendant does not argue that trial counsel misstated or misinterpreted the evidentiary rules in his motion or in his arguments before the trial court. Defendant cannot, in hindsight, fault trial counsel for making an unsuccessful attempt to request admission of evidence that would greatly aid defendant's self-defense theory.

Defendant's argument also fails for the same reasons his other ineffective assistance claims failed. Despite defendant's claim that it would be "easy" to locate witnesses who would testify with regard to the victims' violent propensities, defendant has failed to provide the name of a single witness, other than himself, who would so testify. Defendant's assertion that, at the very least, he could have testified regarding his opinion of the victims' violent natures is drastically undermined by defendant's trial testimony, which indicates that he did not know one of the victims before their confrontation that evening. Finally, defendant has offered no proof that trial counsel failed to seek out witnesses and discovered either that the victims did not have a

reputation for violence, or that there were no witnesses available to testify in that regard. Again, without a factual predicate contained in the record, defendant fails to overcome the strong presumption that trial counsel employed effective trial strategy. See *Ackerman*, 257 Mich App at 455.

Affirmed.

/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Michael J. Riordan